420 A.2d 1341

FINDLAY TOWNSHIP

v.

RYAN HOMES, INC., Kenmawr Development Company and Duquesne Light Company

v.

L. Robert KIMBALL, d/b/a L. Robert Kimball & Associates, Consulting Engineers and Architects, and Metz Contracting, Inc., a corporation.

Appeal of RYAN HOMES, INC.

Superior Court of Pennsylvania.

Argued Nov. 15, 1979.

Filed July 3, 1980.

William J. Chapas, Pittsburgh, for Ryan Homes, appellant.

Frank Kernan, Pittsburgh, for Findlay Township, appellee.

T. Lawrence Palmer, Pittsburgh, for Kenmawr and Duquesne, appellees.

John H. Riordan, Jr., Pittsburgh, for Kimball, appellee.

Gary P. Hunt, Pittsburgh, for Metz, appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

MONTGOMERY, Judge:

These two appeals were taken by appellant, Ryan Homes, Inc., from separate orders sustaining the preliminary objections of additional defendants, L. Robert Kimball and Metz Contracting, Inc. and striking the additional New Matter of appellant, Ryan Homes, Inc.

The procedural facts relevant to this appeal are as follows: On August 2, 1976, plaintiff, Findlay Township, filed a

complaint in Assumpsit and Trespass, naming Ryan Homes, Inc., (Ryan) Kenmawr Development Company, (Kenmawr) and Duquesne Light Company as defendants. Kenmawr was developer of the Westbury Plan in Findlay Township and Ryan was the home builder for that plan. During construction of the homes, Ryan constructed sanitary sewer line laterals and connected them with trunk lines constructed by Kenmawr in the public right of way. Findlay Township now complains that the system malfunctioned because of defects and deficiencies as a result of which its sewer system is receiving excess infiltration. The Township seeks damages to make corrections and for engineering costs.

On November 16, 1976, original defendant, Kenmawr, by way of complaint, joined L. Robert Kimball, d/b/a Robert Kimball and Associates, (Kimball) and Metz Contracting, Inc. (Metz) as additional defendants on the theory that if the trunk lines were defective, that these defects were caused by Kimball, who designed the system or by Metz who installed the trunk lines.

On December 22, 1976, defendant Ryan filed its answer to the complaint of Findlay Township. Thereafter, in December, 1978, it is alleged by Ryan that they received oral leave of court to file Additional New Matter against additional defendants Kimball and Metz pursuant to Pa.R.C.P. 2252(d).[1] On January 30, 1979, Ryan's Additional New Matter was filed against Kimball and Metz averring that the additional defendants are either solely liable to plaintiff or jointly and severally liable with Ryan, and seeks indemnity and/or contribution. Preliminary objections were thereafter filed by both Kimball and Metz to strike Ryan's additional new matter on the basis of Pa.R.C.P. 2255(b). These objections were sustained and Ryan now appeals from the orders of court. The sole issue presented for our review is whether Pa.R.C.P. 2252(d) and 2255(b) are in conflict with one another, and if so, which rule should prevail.

1. Whether Ryan filed its Additional New Matter with leave of court is uncertain from the record, however, no issue has been raised by either appellee, Kimball or Metz involving the timeliness of the filing by Ryan and therefore we will not address this question.

Rule 2252(d) was amended in 1969 to read as follows:

(d) If the person sought to be joined is a party, the joining party shall, without moving for severance or the filing of a praecipe for a writ or a complaint, assert in his answer as new matter that such party is alone liable to the plaintiff or liable over to the joining party or jointly or severally liable to the plaintiff or liable to the joining party directly setting forth the ground therefor. The case shall proceed thereafter as if such party had been joined by a writ or a complaint.

Prior to the 1969 Amendment, the only provision for the joinder of additional defendants by pleading as new matter involved co–plaintiffs.[2]  However, "[b]y virtue of the 1969 Amendment, the moving party may [now] assert an 'additional defendant' claim against any party in the action by setting forth such claim in the moving party's answer under the heading of 'new matter'. [underlining added]" 4A Anderson's Pa.Civ.Prac. § 2252.71.  The object of this rule change was to avoid multiplicity of suits and to permit the adjudication of the rights and liabilities of all parties to the particular transaction or occurrence to be effectuated in one action.

The purpose of [the] amendments was to provide a short cut procedure for disposing of matters involving numerous parties with divergent interests, avoiding the cumbersome three step process of severance, joinder and consolidation formerly required if one wished to join a person already party to the action. *Ragan v. Steen*, 229 Pa.Super. 515, at 525, 331 A.2d 724 at 729 (1974).

**2.**  Prior to 1969 Amendment 2252(d) read as follows:
(d) If two or more persons are co–plaintiffs, a defendant without moving for a severance may assert in his answer as new matter that one of the co–plaintiffs is alone liable to another of the co–plaintiffs on the cause of action declared on, or is liable over to the defendant thereon, or is jointly or severally liable thereon with him to another co–plaintiff.  The case shall proceed thereafter as though there had been a severance of that co–plaintiff and his joinder as an additional defendant.  Adopted Feb. 14, 1939.  Amended and effective Dec. 30, 1942, and Sept. 1, 1958.  Amended July 21, 1961, effective Oct. 1, 1961.

Therefore, with regard to the instant case, the proper way for Ryan to join either Kimball or Metz, already made parties to the suit by Kenmawr as additional defendants, was for Ryan to file, as it did, an amended answer asserting the joinder by way of additional new matter. This procedure was in compliance with 2252(d), and the very purpose of the rule was served thereby.

Appellees rely upon 2255(b) for the proposition that Ryan is precluded as an original defendant from pleading against an additional defendant who has been joined by another original defendant. This analysis would be correct if Ryan merely filed general pleadings against Kimball and Metz without the necessary step of joinder by way of filing Additional New Matter. Rule 2255(b) states that

(b) No pleadings shall be filed between the additional defendant and any party other than the one joining him except that the additional defendant may file a counterclaim against the plaintiff. [underlining added].

The purpose of this rule was to alleviate a burdensome amount of pleading between and among the parties to a suit.

Uncertainty existed under the Sci. Fa. Acts as to the extent to which there should be pleadings between the additional defendant and the other parties to the action. Under the original Rules it was provided that the additional defendant could file a counterclaim against any party who asserted a claim against him. It was also provided that the plaintiff could file a supplementary statement of claim against the additional defendant after which the pleadings would continue between the plaintiff and additional defendant as between a plaintiff and an original defendant. *Goodrich–Amram* 2d; Vol. 8, § 2255(b):1.

Therefore the object of the rule was to limit pleadings generally and allow responsive pleadings only between those parties properly joined and having adverse interests. Since we have determined that Ryan has properly joined both Kimball and Metz as additional defendants under Rule 2252(d), there is, therefore, no violation of Rule 2255(b).

■ We find no conflict between Rules 2252(d) and 2255(b) and therefore we need not determine if one takes precedence over the other. Rule 2252 generally governs the procedure to be followed to effectuate joinder, whereas Rule 2255 regulates the procedure after additional defendants have been properly joined. See *Goodrich–Amram* 2nd; Vol. 8 § 2252 and § 2255. This interpretation is also in keeping with Pa.R.C.P. 127(c) and the rules of construction listed therein:

(c) When the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters (1) the occasion and necessity for the rule; (2) the circumstances under which it was promulgated; (3) the mischief to be remedied; (4) the object to be attained; (5) the prior practice, if any, including other rules and Acts of Assembly upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous history of the rule; and (8) the practice followed under the rule.

Based on the foregoing, the orders of the lower court sustaining appellees' preliminary objections and striking off appellant Ryan's additional new matter are reversed and the cause remanded for further proceedings not inconsistent with this opinion.